SHEPARD, C.J.,
concurring and dissenting.
I agree with the Court's description of the physician's duty to make reasonable efforts to notify patients of safety issues identified by manufacturers and the FDA.
I think the Court's disposition of the motion for summary judgment, however, places the law declared by this case much closer to strict liability than to reasonable efforts, notwithstanding the majority opinion's disclaimer to the contrary.
The evidence before us on summary judgment is that Dr. Paul initiated an examination of all his patient files after receiving the FDA notice. This campaign involved the reading of every chart to identify which of his patients received Vi-tek implants. The records were a veritable mountain, some 18,000 files in all. It took several months to examine them all in search of the .8% that ultimately turned out to be Vitek patients who needed notification.
The doctor directed his staff to do this search not once but twice, and they conducted another examination of files in 1994. Indeed, it is apparent that they were still on the lookout even after that, as Mrs. Cox's implant was ultimately identified in 1996.
The majority opinion says nothing about the extent of the doctor's efforts to identify and notify these patients. This omission is appropriate, taken in light of the straightforward observation that any such effort that does not succeed in identifying every patient and generating a notice for every patient is likely the product of negligence that would constitute breach of duty as a matter of law. (Op. at 913.) Only a fire or other catastrophe is said to be a defense. (Id.)
By the time the Court travels to this point, claiming that the doctor has not offered "any explanation for lack of notice," (id.), it has wandered off the legal standard we set seven years ago for such matters: "a safety alert triggers the need to make reasonable efforts'" (Op. at 911) quoting Harris v. Raymond, 715 N.E.2d 388, 895 (Ind.1998).
If, under Harris v. Raymond, the legal question is whether the doctor made "reasonable efforts," I would say that this record makes summary judgment for either party inappropriate. I would direct the denial of both motions and have the case submitted to a jury.